## COLT a. WHEELER.

*New York Common Pleas; Special Term, May,* 1861.

### SECURITY FOR COSTS.

The practice of the New York Common Pleas, in respect to the proper order requiring security for costs—stated.

A bond filed for security for costs in the New York Common Pleas, must be proved or acknowledged as a deed of real estate.

Motion to set aside judgment for irregularity.

The facts are stated in the opinion.

BRADY, J.—The practice of this court on applications to compel security for costs, and to be relieved from a stay of proceedings, during the twenty, days allowed by the statute within which to except to the sureties, does not seem to be understood. The order to file security should be in the alternative, that is, to file security within twenty days, or show cause, on some day during the twenty days, why security should not be filed. The object of making the time to show cause during the running of the twenty days, is to enable the plaintiff to show, at an early day, that he is not a non-resident, and thus relieve himself of the·stay which would otherwise continue during the twenty days, if he were not a non-resident, and did not intend to give the security. The order having 'been granted, however, and the plaintiff being a non-resident of the State, and therefore obliged to give security for costs, he may serve a copy of his bond, copies of affidavits of justification, and a notice of two days that the sureties will appear and justify. This being then done, and the sureties justifying, the stay will be vacated. This proceeding is under the 56th rule of this court, adopted prior to the Code, and which has not since been changed. The Code has not made any provision on the subject of security for costs, by non-resident plaintiffs, and the statute not having been repealed, the practice continues as it existed before the Code. (See § 468 of the Code.) If the notice of justification be not served with the bond, then the plaintiff cannot, if stayed by the order requiring security to be filed, proceed in the action until notice of exception is served, and an affidavit of justification is also served after such exception, as contemplated by the Revised Statutes. (3 *Rev. Stat.*, 910, 5 ed.)

Another formality has been added by rule 6 of this court, adopted Aug. 4, 1858, which provides that all bonds shall be proved or acknowledged in like manner as deeds of real estate, before the same shall be received or filed; and it is now necessary that a bond filed for the security of the defendant's costs should be proved or acknowledged. In this case the bond was not acknowledged, and was returned for that reason.

The defect was not remedied, and the plaintiff entered judgment upon the expiration of the time to answer, but before the expiration of the twenty days after service of the order requiring security to be filed. The judgment is irregular, therefore, and must be set aside. The original order in this case provided for a stay of proceedings until the filing of the bond; and if the bond had been regular in form, the judgment would have been regular. The statute (section 3) contemplates an order staying proceedings, not only until the security is filed, but until the sureties shall justify, if excepted to.

The judgment must be set aside, as irregular, with $10 costs to defendant, to abide the event.